# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-34-TLS |
| | ) | |
| SHANE SILVERS | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 84], filed on August 26, 2015. The Government opposes the Defendant's Motion. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Petition.

## BACKGROUND

On August 12, 2009, the Defendant, Shane Silvers, entered into a written Plea Agreement [ECF No. 55] with the Government. Under the terms of that Agreement, he agreed to plead guilty to Count 1 of the Indictment charging him with conspiracy to distribute more than 500 gram of cocaine in violation of 21 U.S.C. § 846. In return, the Government agreed to dismiss Counts 2, and Counts 9–11 of the Indictment at the time of sentencing. Paragraph 8(d) of the Plea Agreement provided:

> d. The United States of America and I have also entered into the following agreement pursuant to Fed. R. Crim. Pro. 11(c)(1)(C) which is binding upon the Court:
>
> i. The term of imprisonment I will receive for my conviction is to be a term of 110 months; and
> ii. I understand that the 110 month sentence I will receive includes

> any and all benefit the government will give me for my cooperation to date and any future cooperation I may provide to the government relating to my involvement with drug trafficking prior to my arrest in this case.

(Plea Agr. ¶ 8(d)(i)–(ii).)

On November 16, 2009, the Court accepted the Plea Agreement, dismissed Counts 2, 9, 10, and 11 of the Indictment, and sentenced the Defendant to 110 months imprisonment for the drug offense.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered

whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea are eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, was Justice Sotomayor's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (applying *Marks v. United States*, 430 U.S. 188, 193 (1977), to conclude that Justice Sotomayor's concurrence is controlling).

Justice Sotomayor stated that, generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, two limited exceptions apply. The first is where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself").

Here, the Defendant's written Plea Agreement provided that the "term of imprisonment I will receive for my conviction is to be a term of 110 months." Because there was no specific reference to a Guideline range, the Defendant's agreement does not qualify for Justice

3

Sotomayor's first exception. To qualify under the second exception, his Agreement would either have to "expressly use" a Guideline range or the range would have to be "evident from the agreement itself." *Id.* at 2697. No Guideline range appears in the written terms of the Defendant's Plea Agreement. Nor does the Agreement set forth any information about the Defendant's offense level or criminal history category, or make any attempt to link such calculations to the agreed sentence. In short, the written terms of the Agreement itself do not "make clear" that any particular Guidelines range was "employed." *See id.*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment); *Dixon*, 687 F.3d at 360.

Arguing that he should receive the benefit of the reduction despite his agreement to a binding term, the Defendant points to the Guideline provision that forbids a district court judge from accepting a (C) agreement without first determining the applicable Guideline range. *See* U.S.S.G. § 6B1.2(C) (stating that the court may accept a plea agreement that includes a specific sentence if it is satisfied that the agreed sentence is "within the applicable guideline range," or that it "is outside the applicable range for justifiable reasons"). He then cites to the statement from *Freeman* that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." 131 S. Ct. at 2695. That statement, however, was not from Justice Sotomayer's concurrence. It was from the plurality opinion authored by Justice Kenney and joined by three other justices. Those four justices concluded that "a binding plea agreement will nearly always be based on the applicable Guidelines, so that the resulting sentence will essentially always be based on the applicable Guidelines and eligible for relief under § 3582(c)(2)." *Dixon*, 687 F.3d at 358

4

(referring to the opinion authored by Justice Kennedy). However, four dissenters arrived at the opposite conclusion. 131 S. Ct. at 2700–01 (Roberts, C.J., dissenting). The dissenters reasoned that when a defendant was sentenced under a binding plea agreement, the district court never has authority to grant § 3582(c)(2) relief because the sentence was based on the plea agreement, not on a Guideline sentencing range. *Id.*; *Dixon*, 687 F.3d at 358. As stated above, it is Justice Sotomayor's separate opinion concurring in the judgment that controls. *Dixon*, 687 F.3d at 259. This means that a district court's authority to grant § 3582(c)(2) relief to a defendant who enters a binding plea agreement, is dependent on the specific language of the written plea agreement. 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment). Justice Sotomayor, specifically addressing U.S.S.G. § 6B1.2(C), wrote:

> [T]he fact that USSG § 6B1.2(c) (Nov. 2010) instructs a district court to use the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is "based on" a particular Guidelines sentencing range. The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation. In short, the term of imprisonment imposed pursuant to a (C) agreement is, for purposes of § 3582(c)(2), "based on" the agreement itself.

*Id.* at 2696 (reasoning that "[t]o hold otherwise would be to contravene the very purpose of (C) agreements—to bind the district court and allow the Government and the defendant to determine what sentence he will receive").

Justice Sotomayor recognized that, by the same token, "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." *Id.* at 2697. Although plea bargaining "occurs in the shadows of the sentencing scheme to which the defendant would otherwise be subject," the term of imprisonment the court imposes

5

"is not 'based on' those background negotiations." *Id.*; *see also Dixon*, 687 F.3d at 361 ("All that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement.").

The Defendant acknowledges that the Seventh Circuit has adopted Justice Sotomayor's approach. He also acknowledges that his Plea Agreement does not mention the applicable Guideline range. Nevertheless, he urges the Court to adopt the opinion of Justice Kennedy and modify his sentence. In doing so, the Defendant is asking the Court to rule contrary to binding precedent.

However, "a lower court has no authority to reject a doctrine developed by a higher one." *Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986). The doctrine of *stare decisis* binds this Court to follow the decisions of the Supreme Court and of the Seventh Circuit, "unless events subsequent to the last decision by the higher court . . . make it almost certain" that these courts would overrule themselves if given the opportunity. *Id.* Such is not the case here. Under *Marks v. United States*, 430 U.S. 188 (1977), "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." 430 U.S. at 193 (quotations omitted). There is no reason to believe that the Seventh Circuit would overrule its finding that Justice Sotomayor's approach is controlling. *See Dixon*, 687 F.3d at 359 ("*Marks* is easy to apply here."). Additionally, even before *Freeman*, the approach the Seventh Circuit crafted to resolve requests under § 3582(c)(2) when the defendant had entered a (C) agreement most closely resembled

6

Justice Sotomayor's concurrence. *See United States v. Ray*, 598 F.3d 407, 410, 411 (7th Cir. 2010) (finding that the defendant's sentence was based on his plea agreement and not the Guidelines where the plea agreement "draws no connection between the agreed-to sentence and the relevant Guidelines range"); *see also United States v. Franklin*, 600 F.3d 893 (7th Cir. 2010) (declining to reduce a sentence under § 3582(c)(2) where the plea agreement did not reflect an intent to tie the binding term of imprisonment to the Guidelines).

Accordingly, when applying the law established by *Freeman* and *Dixon* to the facts of this case, the Court finds that the Defendant's term of imprisonment was not based on the Guidelines, but was based on the binding term of 110 months set forth in his Plea Agreement. Therefore, his sentence is not subject to a reduction under the Guideline amendments.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 84].

SO ORDERED on October 26, 2015.

                     s/ Theresa L. Springmann
                     THERESA L. SPRINGMANN
                     UNITED STATES DISTRICT COURT